UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICKY L. DILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00070-JPH-MJD |
| | ) | |
| LAURA SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Denying Motion for Assistance with Recruiting Counsel**

The plaintiff asks the Court to assist him with recruiting counsel to represent him in this case. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (*quoting Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)).

1

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt,* 503 F.3d at 653; see *also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)). Mr. Dillard states that he has contacted one attorney. This is not enough to show that he has made a reasonable effort to obtain counsel on his own and his motion can be denied for this reason.

To decide the second question, the Court considers "'whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (7th Cir. 2014) (quoting *Pruitt,* 503 F.3d at 655). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

It is this Court's determination that the plaintiff's current motion for counsel reflects that he is competent to litigate this action on his own at this time. In his renewed motion to appoint counsel, the plaintiff states that he has some difficulty reading and writing and that he suffers from Hepatitis C. He states that he believes it would be easier for him to pursue his claims with a lawyer because he has difficulty finding caselaw and because his inability to litigate is limited because of the COVID-19 lockdown. The plaintiff has also filed a motion for time and a motion for

reconsideration of the Court's previous denial of his motion for counsel in which he states that he cannot meet Court deadlines because he has contracted COVID-19 and is in quarantine.

The plaintiff's filings in this action reflect that he is able to read and write, has prepared his own documents for filing in this case, and understands his claims and their basis. While he states that he has difficulty performing legal research, as the Seventh Circuit has recognized, "imprisonment only exacerbates the already substantial difficulties that all pro se litigants face. But Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014). In addition, while the plaintiff's contraction of COVID-19 is regrettable, it is not enough to show that he requires the assistance of a lawyer at this time.

For the reasons explained above, the plaintiff is competent to litigate the case himself at this time. His motion for assistance with recruiting counsel, dkt. [59] is therefore **denied**. His motion for time and motion for reconsideration, dkt. [63], is also **denied**. While the plaintiff asserts that he cannot meet deadlines because of his COVID-19 diagnosis, he does not identify which deadlines for which he requires an extension. He may renew his motion for time by stating specifically the extensions he needs. Finally, the Court notes that the plaintiff has been in transit. The Bureau of Prisons Inmate Locator indicates that he is now housed at the United States Penitentiary Thomson. The **clerk shall amend** the docket to show the plaintiff's address as identified in the Distribution of this Order.

**SO ORDERED.**

Date: 10/26/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RICKY L. DILLARD
10318-028
USP Thomson
PO Box 1002
Thomson, IL 61285

All Electronically Registered Counsel